UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODDY HORSLEY,

                                    Plaintiff,

        v.

WASHINGTON STATE, et al.,

                                    Defendants.

No. C09-5680 RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Roddy Horsely, who is presently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, has been granted leave to proceed *in forma pauperis*.

Presently before this Court for review is Mr. Horsley's complaint in which he purports to sue under the Americans with Disability Act (ADA) for violations of his Eighth Amendment rights against the state of Washington, the Department of Corrections, and various individuals, as "husband and wife." Dkt. 4. Mr. Horsley states that this complaint is his attempt to better prepare "his position within this cause of action," after he withdrew his complaint in C08-5434 RBL/KLS. However, a review of Mr. Horsley's complaint in this case reveals that it suffers from the same deficiencies as his previous complaint in C08-5434.

## I. DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d

ORDER TO AMEND OR SHOW CAUSE - 1

359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).   Accordingly, while the Court finds that dismissal of Mr. Hodges's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Hodges an opportunity to file a response or amend his complaint.

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff names the State of Washington and the Washington Department of Corrections and various individually named defendants "responsible for drafting, implementing, and/or complying with transportation standards policy directive number 0727629." Plaintiff alleges he suffered physical and emotional harm due to the inability of prison staff to modify that policy

directive to allow him to be taken to a hospital more quickly during a medical emergency. Dkt. 4, p. 6. He requests injunctive relief and compensatory and punitive damages. *Id.*, p. 8.

As Mr. Horsley has been previously advised, he has incorrectly named the state of Washington and the Department of Corrections as parties. See, e.g., Dkt. 7 in Case No. 08-5434 RBL/KLS[1].

The Eleventh Amendment reads in relevant part:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Accordingly, plaintiff may not sue Washington State in this Court.

The Washington State Department of Corrections, furthermore, is a state agency, and, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as well. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983.[2]

In addition, Plaintiff purports to sue the wives and husbands of the individually named defendants, e.g., "Devon Schrum and Jane Doe Schrum, husband and wife." This is improper as

---

[1] In that case, Mr. Horsley was advised that any future attempt by him to add the State of Washington or the Department of Corrections would be result in a recommendation of dismissal of the matter for failure to prosecute. Dkt. 11, p. 3, Case No. C08-5434RBL/KLS.

[2] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

ORDER TO AMEND OR SHOW CAUSE - 4

the spouses of individually named defendants are not liable under Section 1983. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *See also, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

Finally, Plaintiff has failed to set forth facts showing that any individually-named defendants caused or personally participated in causing the harm alleged. While Plaintiff states generally that the defendants were responsible for drafting and/or complying with transportation standards policy directive 420.100 and failed to correct and/or change Policy 420.100, he does not include factual allegations as to how each of the individually named persons caused him harm.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Horsley may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **December 18, 2009.** If Mr. Horsley chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Horsley shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Horsley shall present his complaint on the form provided by the

ORDER TO AMEND OR SHOW CAUSE - 5

Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labelled the "First Amended Complaint" and must carry the same cause number as this one.  Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Horsley decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **December 18, 2009**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Mr. Horsley the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

Dated this <u>23rd</u> day of November, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE - 6