# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RODDY HORSLEY,

    Plaintiff,

v.

WASHINGTON STATE, *et al.*,

    Defendants.

NO. C09-5680 RJB/KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Before the court is Plaintiff's motion for an extension of time within which to respond to the court's Order to Amend or Show Cause and for the appointment of counsel. Dkt. 6. Having reviewed the motion and balance of the record, the court finds and **ORDERS:**

Plaintiff's motion for an extension of time (Dkt. 6) to amend his complaint or show cause why it should not be dismissed is extended from December 18, 2009 until **January 29, 2009**.

Having carefully reviewed Plaintiff's motion for the appointment of counsel, the Court finds, for the reasons stated below, that the motion should be denied.

## I. DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he should be appointed counsel because his "emergency law library access" expires on December 7, 2009 and his access to the law library is now limited to being placed on the call out sheet for specific dates and times. Dkt. 6, p. 1.

Plaintiff's limited access to the law library is not an exceptional circumstance warranting the appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merit.

According, it is **ORDERED**:

1) Plaintiff's motion for an extension of time (Dkt. 6) is **GRANTED;** Plaintiff shall amend his complaint or show cause why it should not be dismissed **on or before January 29, 2010.**

2) Plaintiff's motion for the appointment of counsel (Dkt. 6) is **DENIED.**

3) The Clerk shall send a copy of this Order to Petitioner.

**DATED** this  14th  day of December, 2009.

Karen L. Strombom
United States Magistrate Judge