# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RODDY HORSLEY,

        Plaintiff,

v.

WASHINGTON STATE, *et al.*,

        Defendants.

NO. C09-5680 RJB/KLS

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

Before the court is Plaintiff's second motion for the appointment of counsel. Dkt. 10. Plaintiff has been ordered to show cause why his case should not be dismissed for failure to state a claim or to file an amended complaint. Dkts. 5 and 9. Plaintiff's deadline for doing so is January 29, 2010. Dkt. 9. Plaintiff's previous motion for appointment of counsel (Dkt. 6) was denied. Dkt. 9.

## I. DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he should be appointed counsel because he has only a ninth grade education, lacks legal knowledge, and has limited access to a law library. *Id.*, pp. 1-2. Plaintiff states that he expects that counsel for defendants will use court procedures in an effort to harass, intimidate and manipulate him by removing his personal property and blocking his access to the law library. Dkt. 10, p. 1. Plaintiff fears that the defendants will interfere with his mail and with his access to the law library, legal materials and other offenders. *Id.*

Plaintiff also claims that he has been "infirm" since November 6, 2008 as an "inpatient/ resident" and that he is isolated due to the need for oxygen on a continuous basis has seriously reduced his ability to concentrate. *Id.*, pp. 1-2.

Plaintiff's lack of schooling, legal knowledge and limited access to the law library are not exceptional circumstances warranting the appointment of counsel. Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merit.

Likewise, Plaintiff's unsupported statements of "fear" or "anticipation" that defendants and/or their counsel will harass him, are not sufficient grounds for the appointment of counsel.

With regard to Plaintiff's claims of physical and mental disabilities, the court has no evidence that such disabilities hinder Plaintiff's ability to adequately articulate his claims. If Plaintiff needs additional time to prosecute this matter, he should provide the Court with documentation of his medical conditions so that the Court may make a determination as to any additional time and/or assistance that may be required in this case.

According, it is **ORDERED** that Plaintiff's second motion for the appointment of counsel (Dkt. 10) is **DENIED**. The Clerk shall send a copy of this Order to Petitioner.

**DATED** this  11th  day of January, 2010.

Karen L. Strombom
United States Magistrate Judge